17 F.3d 1444
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 David H. DANESHPAYEH, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 93-3476.
 United States Court of Appeals, Federal Circuit.
 Jan. 26, 1994.
 
 Before PLAGER, CLEVENGER, and SCHALL, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Daneshpayeh appeals the final decision[1] of the Merit Systems Protection Board (Board) denying it had jurisdiction to provide relief for his termination from a position to which he was appointed in contravention of the Agreement between the Parties to the North Atlantic Treaty regarding the Status of their Forces, June 19, 1951, 4 U.S.T. 1792, T.I.A.S. No. 2846 (NATO/SOFA). We affirm.
 
 DISCUSSION
 
 2
 The NATO/SOFA provides that persons who are "ordinarily resident" in the state of a contracting party in which another contracting party maintains a military force are ineligible to be a part of the "civilian component," that is, the civilian personnel accompanying the military force stationed abroad. NATO/SOFA, art. I, cl. 1, 4 U.S.T. 1792, 1794.[2] Daneshpayeh was employed by the Department of the Air Force (Air Force) as Assistant Operations Manager, GS-7, at the Open Mess at the Incerlik Air Base in Turkey. It is uncontested that, as a civilian employed at the Incerlik Air Base, Daneshpayeh's employment was in the civilian component. The Air Force determined that Daneshpayeh was ordinarily resident in Turkey, and that therefore his employment was statutorily illegal. In compliance with the NATO/SOFA, effective March 21, 1992, the Air Force removed Daneshpayeh from the position to which he had been improperly appointed.
 
 
 3
 Daneshpayeh timely appealed his removal to the Board. In his appeal, he maintained that he was not ordinarily resident in Turkey, and that therefore he was eligible for employment in the civilian component of Incerlik Air Base. His removal was thus improper. He further contended that his removal was an adverse personnel action in violation of merit system principles, reviewable by the Board, rather than a consequence of a statutory deficiency in his initial appointment.
 
 
 4
 In the Board's initial decision, the Administrative Judge (AJ) found that Daneshpayeh was in fact ordinarily resident in Turkey. Under the NATO/SOFA, he had not been eligible for his original appointment, and was not currently an employee. In general, the AJ noted, the Board has jurisdiction to review, and when appropriate to grant relief for, adverse personnel actions taken against employees. Had he been properly appointed, at the time of his removal Daneshpayeh would have been a non-probationary employee in the competitive service, and the Board would have jurisdiction to review his appeal of the decision to remove him. 5 U.S.C. Secs. 7511(a)(1)(A), 7512(1), 7513(d), 7701(a). But because Daneshpayeh was not an employee, the AJ concluded, the Board had no jurisdiction to grant Daneshpayeh relief. Due to the Board's lack of remedial authority, it was unnecessary to consider the merits of Daneshpayeh's claims that the Air Force had violated federal employment law in removing him.
 
 
 5
 In its final decision, in a very thorough opinion, the Board considered at length the meaning of "ordinarily resident" within the context of the NATO/SOFA, and affirmed, as modified, the AJ's crucial finding that Daneshpayeh was ordinarily resident in Turkey.[3] The Board ruled that under the NATO/SOFA, Daneshpayeh's appointment was void, and therefore his removal was not improper. The Board also upheld the initial decision that because Daneshpayeh was not an employee, the Board had no jurisdiction to grant relief for, and consequently need not consider, his claims that his removal had been in violation of federal employment law.
 
 
 6
 In his appeal to this court, Daneshpayeh takes no issue with the Board's recital of the applicable law. Although he maintains that the Board should have given more weight to certain of his factual allegations, Daneshpayeh does not contest the truth of the facts on which the Board based its decision. The sole issue before this court is whether the Board erred in applying the law to Daneshpayeh's case: concluding that he is ordinarily resident in Turkey, and therefore statutorily ineligible to occupy the position of Assistant Operations Manager.
 
 
 7
 This court reviews decisions of the Board like this one, a procedurally proper application of settled law to essentially uncontested facts, under the "arbitrary and capricious" standard of review. 5 U.S.C. Sec. 7703(c). The record reveals copious evidence that Daneshpayeh has profound local ties to Turkey. He has lived in Turkey without returning to the United States since 1974. He has made his living on the local economy: for almost a year, from March 14, 1978 to March 12, 1979, he was not employed by the government of, or any firm directly connected with, the United States. Daneshpayeh is married to a Turkish woman, with whom he has two sons. They live in an apartment building which she owns, and from which their household presumably derives income. The Board's judgment that these ties warrant characterizing Daneshpayeh as ordinarily resident in Turkey is neither arbitrary nor capricious.
 
 
 8
 As a person ordinarily resident in Turkey, Daneshpayeh cannot be a federal employee in the civilian component of the Incirlik Air Base. Under the NATO/SOFA, his original appointment was illegal, and is therefore of no present legal force. From this the Board concluded that it has no authority to grant relief for the decision by the Air Force to remove Daneshpayeh.[4] We agree and therefore affirm the decision of the Board.
 
 
 
 [1]
 Opinion and Order, Dkt. No. DC0752920359-I-1, June 15, 1993, affirming, as modified, the initial decision of July 30, 1992
 
 
 [2]
 The NATO/SOFA provides in pertinent part:
 Article I
 
 
 [1]
 In this Agreement the expression--
 (a) "force" means the personnel belonging to the land, sea or air armed services of one Contracting Party when in the territory of another Contracting Party in the North Atlantic Treaty area in connexion with their official duties, provided that the two Contracting Parties concerned may agree that certain individuals, units or formations shall not be regarded as constitutiing or included in a "force" for the purposes of the present Agreement;
 (b) "civilian component" means the civilian personnel accompanying a force of a Contracting Party who are in the employ of an armed service of that Contracting Party, and who are not stateless persons, nor nationals of any State which is not a Party to the North Atlantic Treaty, nor nationals of, nor ordinarily resident in, the State in which the force is located;
 NATO/SOFA, art. I, cl. 1, 4 U.S.T. 1792, 1794 (emphasis added).
 
 
 [3]
 In its final decision, the Board corrected minor errors in the original decision pertaining to the length of time that Daneshpayeh had worked for neither the United States Government nor for a government contractor that did business with the United States Government. The Board determined that these errors were not prejudicial
 
 
 [4]
 The Board took jurisdiction over Daneshpayeh's case on the basis of his allegations that he was a U.S. government employee who had been improperly dismissed. The Board correctly concluded, after full hearing, that Daneshpayeh had failed to establish facts on the basis of which the Board could grant relief. The Board's boiler-plate labelling of its decision as based on a "lack of jurisdiction" does not provide grounds for reversal; it is harmless error